IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL JORDAN, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 2:23-cv-04486 |
| | : | |
| | : | |
| LAFAYETTE COLLEGE, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT

Defendant Lafayette College (hereinafter, "Defendant") answers Plaintiff's Civil Action Complaint as follows:

### PRELIMINARY STATEMENT

1. Defendant admits only that it suspended and subsequently terminated Plaintiff's employment with Defendant and that Plaintiff purports to bring this action against Defendant under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq. ("Title VII), the Pennsylvania Human Relations Act, 43 P.S. § 955 ("PHRA"), the Constitution of the Commonwealth of Pennsylvania and Pennsylvania state law. Defendant denies any remaining allegations set forth in paragraph 1 of the Complaint and specifically denies that it violated any of the forgoing laws. By way of further answer, Defendant avers that Plaintiff's employment was terminated for cause.

### JURISDICTION AND VENUE

2. Defendant admits only that this Court has original jurisdiction over Plaintiff's federal law (Title VII) claim. Defendant denies the remaining allegations in paragraph 2 of the Complaint.

3. Defendant admits only that this Court has supplemental jurisdiction over Plaintiff's state law claims in the Complaint. Defendant denies the remaining allegations in paragraph 3 of the Complaint.

4. Defendant admits only that venue is properly laid in this judicial district. Defendant denies the remaining allegations in paragraph 4 of the Complaint.

## PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, and on that basis, they are denied.

6. Admitted.

7. The allegations in paragraph 7 of the Complaint state conclusions of law to which no response is required. To the extent that any further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and on that basis, they are denied.

8. The allegations in paragraph 8 of the Complaint state conclusions of law to which no response is required. To the extent that any further response is required, Defendant admits only that it employed Plaintiff from April 4, 2022, through March 29, 2023, and denies any remaining allegations in paragraph 8 of the Complaint.

## ADMINISTRATIVE PROCEDURES

9. Defendant admits only that Plaintiff filed a charge of discrimination against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") which was dated August 11, 2023 and docketed as Charge No. 530-2023-07492 (the "Charge"). Any remaining allegations in paragraph 9 of the Complaint are denied.

10. The allegations in paragraph 10 of the Complaint state conclusions of law to which no response is required. To the extent that any further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and on that basis, they are denied.

11. Defendant admits only that Plaintiff's Charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC") and docketed as PHRC Case No. 202300672. Defendant denies any remaining allegations in paragraph 11 of the Complaint.

12. Defendant admits only that the EEOC issued a Notice of Right to Sue for Charge No. 530-2023-07492 dated August 29, 2023. Defendant avers that the document attached to the Complaint as Exhibit A is a document which speaks for itself, and to which no response is required. To the extent that any further response is required, the remaining allegations in paragraph 12 of the Complaint are denied.

13. Defendant admits only that by way of letter dated November 3, 2023, the PHRC stated that it would take no further action on PHRC Case No. 202300672. Defendant avers that the document attached to the Complaint as Exhibit B is a document which speaks for itself, and to which no response is required. To the extent that any further response is required, the remaining allegations in paragraph 13 of the Complaint are denied.

**OPERATIVE FACTS**

14. Defendant incorporates by reference its answers to paragraphs 1 through 13 of the Complaint as though fully set forth herein as its answer to paragraph 14 of the Complaint.

15. Defendant admits only that Plaintiff attended the University of Pennsylvania ("Penn") and played for Penn's men's basketball team. Defendant lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of the Complaint, and on that basis, they are denied.

16. Admitted.

17. Defendant admits only that, while playing at Penn, Plaintiff was named the 1996 Rookie of the Year, a three-time all-Ivy League selection, and the 1999-2000 Ivy League Player of the Year. Defendant denies any remaining allegations in paragraph 17 of the Complaint.

18. Admitted.

19. Defendant admits only that, after graduating from Penn, in 2000, Plaintiff played for the Philadelphia 76ers summer league team and was also a member of the Boston Celtics preseason team, after which Plaintiff played professionally in Europe between 2000-2011. Defendant denies any remaining allegations in paragraph 19 of the Complaint.

20. Admitted.

21. Admitted.

22. Defendant admits only that Colgate University's ("Colgate") Raiders men's basketball team set record winning totals during the 2017 – 2020 seasons. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of the Complaint, and on that basis, they are denied.

23. Admitted.

24. Defendant admits only that Plaintiff joined the Drexel University ("Drexel") Men's Basketball program as an Assistant Coach for the 2020-21 season and that, during that season, the Drexel Dragons men's basketball team won their first-ever Coastal Athletic Association title and had the program's first NCAA Tournament appearance in 25 years. Defendant lacks knowledge

or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the Complaint, and on that basis, they are denied.

25. Defendant admits only that, in 2021, Plaintiff returned to Colgate as an Assistant Coach and that the Colgate Raiders men's basketball team won the conference title and advanced to the NCAA Tournament. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 of the Complaint, and on that basis, they are denied.

26. Admitted.

27. Defendant admits only that Plaintiff was hired to be the head coach of Defendant's men's basketball team effective April 4, 2022 after the retirement of the team's prior head coach, Fran O'Hanlon, who coached the team for 27 seasons. Defendant avers that the document attached to the Complaint as Exhibit C is a document which speaks for itself, and to which no response is required. To the extent that any further response is required, the remaining allegations in paragraph 27 of the Complaint are denied.

28. Defendant admits only that during the 2021-2022 season, Defendant's men's basketball team finished in 8th place in the Patriot League. The remaining allegations in paragraph 28 of the Complaint are denied.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant admits only that after he was hired, Plaintiff conducted individual meetings with the men's basketball team players. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 of the Complaint, and on that basis, they are denied.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant admits only that during the 2022-23 basketball season, the Lafayette Leopards men's basketball team played games against Penn, La Salle, Colgate, and Drexel. The remaining allegations in paragraph 33 of the Complaint are denied.

34. Defendant admits only that during the 2022-23 basketball season, the Defendant's men's basketball team finished in 6th place in the Patriot League. Any remaining allegations in paragraph 34 of the Complaint are denied.

35. Defendant admits only that during the 2022-23 basketball season, the Defendant's men's basketball team made it to the Patriot League Championship finals. The remaining allegations in paragraph 35 of the Complaint are denied.

36. Defendant admits only that during the 2022-23 basketball season, the Defendant's men's basketball team lost during the Patriot League Championship final game to Colgate. The remaining allegations in paragraph 36 of the Complaint are denied.

37. Defendant admits only that Plaintiff was suspended by Defendant on February 15, 2023. The remaining allegations in paragraph 37 of the Complaint are denied.

38. Defendant admits only that Plaintiff was suspended by Defendant pending an investigation into written complaints made regarding Plaintiff's conduct as Head Coach. The remaining allegations in paragraph 38 of the Complaint are denied.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant admits only that written complaints were made to Defendant regarding Plaintiff's conduct as Head Coach. To the extent that any further response is required, the remaining allegations in paragraph 40 of the Complaint are denied.

41. Defendant admits only that a letter it received from a student athlete included, without limitation, complaints that Plaintiff: verbally abused players including the use of terms that were sexist, racist and ableist; questioned the integrity of, and mocked, injured players who were following instructions of the medical staff; and retaliated against the student athlete for voicing his concerns to the Director of Athletics (the "Letter"). Defendant denies the remaining allegations in paragraph 41 of the Complaint. By way of further answer, Defendant avers that the written complaints made to Defendant regarding Plaintiff's conduct as Head Coach are documents which speak for themselves.

42. Defendant admits only that the Letter also asserted that the efforts by the Director of Athletics to address earlier concerns voiced by the student athlete concerning the Plaintiff had been ineffective. Defendant denies the remaining allegations in paragraph 42 of the Complaint. By way of further answer, Defendant avers that the written complaints made to Defendant regarding Plaintiff's conduct as Head Coach are documents which speak for themselves.

43. Defendant admits only that while Coach Jordan was suspended, Defendant retained an outside firm to investigate the allegations it had received regarding his conduct as Head Coach. Defendant denies the remaining allegations in paragraph 43 of the Complaint.

44. Defendant admits only that Plaintiff was interviewed as part of the investigation. The remaining allegations in paragraph 44 of the Complaint are denied.

45. Defendant denies the allegations in paragraph 45 of the Complaint.

46. Defendant admits only that Plaintiff provided the investigators with the names of 47 people and phone numbers for some of those people. Defendant denies the remaining allegations in paragraph 46 of the Complaint, and specifically denies that the vast majority of the

people whose contact information was provided by Plaintiff would have been in a position to have first-hand knowledge concerning the majority of the allegations made in the written complaints.

47. Defendant admits only that some of the individuals named by Plaintiff were coaches, faculty, and employees of Defendant and that Plaintiff represented that some of the others were recruits and coaches and staff of other basketball programs. Any remaining allegations in paragraph 47 of the Complaint are denied.

48. Defendant denies the allegations in paragraph 48 of the Complaint.

49. Defendant denies the allegations in paragraph 49 of the Complaint.

50. Defendant admits only that while Plaintiff was suspended pending the conclusion of the investigation, Plaintiff was not permitted to work in the Head Coach position. Any remaining allegations in paragraph 50 of the Complaint are denied.

51. Defendant admits only that, while Plaintiff was suspended pending the conclusion of the investigation, Assistant Coach Mike McGarvey, who is Caucasian, coached Defendant's men's basketball team, along with numerous Assistant Coaches for the team. Any remaining allegations in paragraph 51 of the Complaint are denied.

52. Defendant admits only that while Plaintiff was suspended pending the conclusion of the investigation, Plaintiff was not permitted to work in the head coach position. Any remaining allegations in paragraph 52 of the Complaint are denied.

53. Defendant admits only that the Patriot League Conference title was determined while Plaintiff was suspended pending the conclusion of the investigation and that Defendant's men's basketball team most recently appeared in the NCAA tournament in 2015. Defendant denies the remaining allegations in paragraph 53 of the Complaint.

54. Defendant denies the allegations in paragraph 54 of the Complaint.

55. Defendant admits only that Defendant's men's basketball team lost its game against Colgate on March 8, 2023 with a score of 79-61. Any remaining allegations in paragraph 55 of the Complaint are denied.

56. Defendant admits only that Plaintiff was terminated for cause on March 29, 2023. Defendant denies any remaining allegations in paragraph 56 of the Complaint.

57. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint, and on that basis, they are denied.

58. Defendant admits only that Plaintiff was terminated by Defendant for cause. All remaining allegations in paragraph 58 of the Complaint are denied.

59. Defendant admits only that Plaintiff was offered the options of resigning or being terminated for cause. Defendant denies the remaining allegations in paragraph 59 of the Complaint.

60. Defendant admits only that Plaintiff was terminated by Defendant for cause, which was for gross misconduct and/or insubordination, and which was based on the factual findings of the outside investigation. Defendant denies any remaining allegations in paragraph 60 of the Complaint.

61. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint, and on that basis, they are denied.

62. Defendant denies the allegations in paragraph 62 of the Complaint.

63. Defendant denies the allegations in paragraph 63 of the Complaint.

64. Defendant denies the allegations in paragraph 64 of the Complaint.

65. Defendant denies the allegations in paragraph 65 of the Complaint.

66. Defendant denies the allegations in paragraph 66 of the Complaint.

67. Defendant denies the allegations in paragraph 67 of the Complaint.

68. Defendant admits only that Assistant Coach Mike McGarvey was moved into the Head Coach position after Plaintiff's employment was terminated for cause. Defendant denies and remaining allegations in paragraph 68 of the Complaint.

69. Defendant admits only that Plaintiff previously worked with Coach McGarvey and that after the termination of Plaintiff's employment for cause, Coach McGarvey was promoted to Head Coach of Defendant's men's basketball team. All remaining allegations in paragraph 69 of the Complaint are denied.

70. Defendant denies the allegations in paragraph 70 of the Complaint.

## DAMAGES

71. Defendant denies the allegations in paragraph 71 of the Complaint.

72. Defendant denies the allegations in paragraph 72 of the Complaint.

73. Defendant denies the allegations in paragraph 73 of the Complaint.

74. Defendant denies the allegations in paragraph 74 of the Complaint.

75. Defendant denies the allegations in paragraph 75 of the Complaint.

76. Defendant denies the allegations in paragraph 76 of the Complaint.

## COUNT I
**Wrongful Termination**
**Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)**

77. Defendant incorporates by reference its answers to paragraphs 1 through 76 of the Complaint as though fully set forth herein as its answer to paragraph 77 of the Complaint.

78. The allegations in paragraph 78 of the Complaint state conclusions of law to which no response is required. To the extent that any further response is required, the allegations are denied.

79. Defendant admits only that Plaintiff is African American. All remaining allegations in paragraph 79 of the Complaint are denied.

80. The allegations in paragraph 80 of the Complaint state conclusions of law to which no response is required. To the extent that any further response is required, the allegations are denied. Defendant specifically denies that Plaintiff was terminated without cause.

81. Defendant denies the allegations in paragraph 81, including subparts (a)-(b), of the Complaint.

82. Defendant denies the allegations in paragraph 82 of the Complaint

83. Defendant denies the allegations in paragraph 83 of the Complaint

84. Defendant denies the allegations in paragraph 84 of the Complaint

As to the WHEREFORE clause following paragraph 84 of the Complaint, Defendant denies that Plaintiff is entitled to any of the relief and/or damages listed.

## COUNT II
**Wrongful Termination**
**Violation of 43 Pa. C.S. § 955(a)**

85. Defendant incorporates by reference its answers to paragraphs 1 through 84 of the Complaint as though fully set forth herein as its answer to paragraph 85 of the Complaint.

86. The allegations in paragraph 86 of the Complaint state conclusions of law to which no response is required. To the extent that any further response is required, the allegations are denied.

87. Defendant admits only that Plaintiff is African American. All remaining allegations in paragraph 87 of the Complaint are denied.

88. The allegations in paragraph 88 of the Complaint state conclusions of law to which no response is required. To the extent that any further response is required, the allegations are denied. Defendant specifically denies that Plaintiff was terminated without cause.

89. Defendant denies the allegations in paragraph 89, including subparts (a)-(b), of the Complaint.

90. Defendant denies the allegations in paragraph 90 of the Complaint

91. Defendant denies the allegations in paragraph 91 of the Complaint

92. Defendant denies the allegations in paragraph 92 of the Complaint

As to the WHEREFORE clause following paragraph 92 of the Complaint, Defendant denies that Plaintiff is entitled to any of the relief and/or damages listed.

## COUNT III
### Breach of Contract

93. Defendant incorporates by reference its answers to paragraphs 1 through 92 of the Complaint as though fully set forth herein as its answer to paragraph 93 of the Complaint.

94. Defendant admits only that Defendant entered into a written employment agreement with Plaintiff, effective April 4, 2022, which had a five-year term and that Plaintiff was terminated for cause under that agreement. All remaining allegations in paragraph 94 of the Complaint are denied.

95. Admitted.

96. Defendant denies the allegations in paragraph 96 of the Complaint and specifically denies that Plaintiff was suspended without justification.

97. Defendant denies the allegations in paragraph 97 of the Complaint and specifically denies that it breached its duties and that Plaintiff was terminated without justification.

98. Defendant denies the allegations in paragraph 98 of the Complaint and specifically denies that Plaintiff was terminated without justification.

99. Defendant denies the allegations in paragraph 99 of the Complaint.

As to the WHEREFORE clause following paragraph 99 of the Complaint, Defendant denies that Plaintiff is entitled to any of the relief and/or damages listed.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot establish the necessary elements of his claims.

### THIRD AFFIRMATIVE DEFENSE

The claims in this action are barred, in whole or in part, by the doctrines of estoppel and unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, to the extent that he failed to exhaust applicable administrative remedies.

### FIFTH AFFIRMATIVE DEFENSE

If any actions of Defendant upon which any of Plaintiff's claims are based were motivated by any discriminatory factors, which Defendant denies, the same actions would have been taken in the absence of any such impermissible motivating factors.

### SIXTH AFFIRMATIVE DEFENSE

All decisions and actions taken by Defendant with respect to Plaintiff were made or taken in good faith and for legitimate non-discriminatory reasons.

### SEVENTH AFFIRMATIVE DEFENSE

Any injury or damages suffered by Plaintiff, to the extent actually incurred, were caused by reason of Plaintiff's own wrongful acts, misconduct and/or negligence.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant is not liable for punitive damages because any discrimination alleged in the Complaint would violate the policies of Defendant and its good faith efforts to comply with the Title VII, the PHRA and other civil rights laws.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that Plaintiff has failed to mitigate any alleged damages Plaintiff claims to have sustained (the entitlement to recovery for which is expressly denied); alternatively, any claims for relief for lost earnings and/or benefits must be set off and/or reduced by wages, compensation, pay and benefits, or other earnings or remunerations, profits, and benefits received.

### TENTH AFFIRMATIVE DEFENSE

Defendant did not subject Plaintiff to any discriminatory conduct and, therefore, Plaintiff is not entitled to compensatory or punitive damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant is not liable for punitive damages because Defendant never intentionally engaged in any unlawful employment practices with malice, willfulness, wantonness, in bad faith, or in reckless disregard for Plaintiff's protected rights.

## TWELFTH AFFIRMATIVE DEFENSE

Any claim which may be stated in the Complaint for damages resulting from physical, mental and/or emotional distress or any other injury or harm is barred to the extent that such claim is covered by the Pennsylvania Worker's Compensation Act.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an award of attorneys' fees, costs or expenses.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional affirmative defenses as they become available during the course of investigation and discovery.

WHEREFORE, Defendant demands judgment in its favor:

(a) dismissing the Complaint:

(b) awarding Defendant its costs, expenses, experts' fees, and reasonable attorneys' fees; and

(c) awarding Defendant such other and further relief to which it may be entitled.

Dated:  January 26, 2024         */s/ Christopher J. Moran*

Christopher J. Moran, Esquire (PA 68142)
Leigh H. McMonigle, Esquire (PA 309308)
TROUTMAN PEPPER HAMILTON SANDERS LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
215.981.4000

## CERTIFICATE OF SERVICE

I, Christopher J. Moran, hereby certify that, on January 26, 2024, a true and correct copy of the foregoing Answer and Affirmative Defenses was served via the Court's Electronic Case Filing (ECF) system upon the following:

Riley H. Ross III, Esquire
Zainab Khadija Shields, Esquire
MINCEY FITZPATRICK ROSS, LLC
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19102

*/s/ Christopher J. Moran*
Christopher J. Moran, Esquire

167721984v1