UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL JORDAN, : | |
|       Plaintiff, : | |
| : | |
| v. : | No. 5:23-cv-4486 |
| : | |
| LAFAYETTE COLLEGE, : | |
|       Defendant. : | |

\* \* \*

APPEARANCES:

    Riley H. Ross, III, Esq. of Mincey Fitzpatrick Ross
        On behalf of Plaintiff

    Christopher J. Moran, Esq. and Leigh McMonigle, Esq. of Troutman Pepper Hamilton Sanders, LLP
        On behalf of Defendant

\* \* \*

**O R D E R**
(Fed. R. Civ. P. 16 Scheduling Deadlines)

AND NOW, this 14th day of March, 2024, following a preliminary pretrial conference pursuant to Federal Rule of Civil Procedure 16, **IT IS ORDERED** as follows:

**1.**    **Amended Pleadings**

Any motion to amend the pleadings shall be filed **no later than thirty (30) calendar days before the close of fact discovery**.

**2.**    **Joinder of Parties**

Any motion to join parties shall be filed **no later than thirty (30) calendar days before the close of fact discovery**.

3.  **Fact Discovery**

    <u>Deadline for Completion of All Fact Discovery</u>. All fact discovery, including, but not limited to, depositions, shall be completed on or before **June 10, 2024**. If for reasons of health and safety depositions cannot be taken in person, the Court will require that depositions be conducted remotely by use of technology (Zoom, Skype, Microsoft Office 365 Teams, or other technological means).

4.  **Expert Discovery**

    (a)  <u>Disclosure of Expert Witnesses</u>:  On or before **April 11, 2024**, Plaintiff to disclose to Defendant the names of all expert witnesses, and provide the curriculum vitae of all expert witnesses.

    (b)  <u>Deadline for Completion of Plaintiff's Expert Discovery</u>. On or before **May 13, 2024**, counsel for Plaintiff shall serve upon counsel for every other party all expert reports and a curriculum vitae for each expert pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).

    (c)  <u>Deadline for Completion of Defendant's Expert Discovery</u>. On or before **June 12, 2024**, counsel for Defendant shall serve upon counsel for every other party all expert reports and a curriculum vitae for each expert pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).

    (d)  <u>Rebuttal Expert Reports</u>. If intended solely to contradict or rebut evidence on the same subject matter identified by an expert witness for another party, counsel shall serve rebuttal expert reports and a curriculum vitae for each expert on counsel for every other party **not later than fifteen (15) calendar days of the other party's disclosure**.

    (e)  <u>Non-Compliance</u>. Any violation of the disclosure requirements arising under the Federal Rules of Civil Procedure, the Court's Local Rules of Civil Procedure, or this Scheduling Order may result in the barring of expert testimony at trial.

5.  **Dispositive Motions**

    (a)  <u>Deadline for Filing of Dispositive Motions</u>. All dispositive motions shall be filed **not later than June 10, 2024.**

    (b)  <u>Motions for Summary Judgment - Required Statement of Undisputed Material Facts</u>.  Any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure must be accompanied by a separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. The moving party shall include only those facts that are material to the issues in dispute in the enumerated

statement of facts. The moving party shall accompany each factual assertion with a citation to the specific portion(s) of the record that support the assertion, including the exhibit, page, and line numbers. When a factual assertion cites to a deposition transcript, counsel shall attach a copy of the entire transcript containing the cited testimony to the motion. The Court will not consider a factual assertion that is not supported by a citation to the record.

(c) <u>Responses to Motions for Summary Judgment - Required Answer to Moving Party's Statement of Undisputed Facts</u>. A party opposing a motion for summary judgment shall file a separate, short, and concise statement responding to the numbered paragraphs set forth in the moving party's statement of undisputed facts and shall either concede the facts as undisputed or state that a genuine dispute exists. If the opposing party asserts a genuine dispute exists as to any fact, the party shall cite to the specific portion(s) of the record that create the dispute, including the exhibit, page, and line numbers. The opposing party shall also set forth in enumerated paragraphs any additional material facts that the party contends preclude summary judgment. When a factual assertion cites to a deposition transcript, counsel shall attach a copy of the entire transcript containing the cited text. All facts set forth in the moving party's statement of undisputed facts shall be deemed admitted unless controverted.

(d) <u>References to the Record</u>. All statements of material facts shall include a citation to the specific portion(s) of the record that support the assertion, including the exhibit or transcript, page and line numbers.

(e) <u>Effect of Uncontested Facts</u>. All facts set forth in the moving party's statement of material facts may be taken by the Court as admitted unless controverted by the opposing party.

(f) <u>Briefs – Required Contents</u>. All briefs shall contain the following information, labeled and organized as follows:

    (i) Table of Contents, including table of authorities and table of exhibits

    (ii) Statement of Pertinent Facts

    (iii) Statement of the Questions Involved

    (iv) Summary of Argument

    (v) Argument

    (vi) Short conclusion stating the precise relief sought

    (vii) Proposed Order that would grant the precise relief sought

    (viii) Briefs shall not exceed thirty (30) pages, without leave of court

(g) No Courtesy Copies. Courtesy copies should not be provided to chambers unless specifically required by the Court.

6. **Deadline for Providing Court-Ordered Disclosures to Opposing Counsel. At least twenty-eight (28) calendar days prior to the final pretrial conference**, counsel for each party shall serve upon counsel for every other party:

(a) Trial Exhibits. The original or a copy of each trial exhibit the party expects to utilize and/or offer into evidence at trial, including any deposition designations.

(b) Expert Witnesses. The curriculum vitae for each expert witness expected to testify, together with a copy of each expert's report(s).

7. **Deadline for Filing Motions in Limine.**

All motions in limine shall be filed with the Clerk of Court **at least twenty-one (21) calendar days prior to the final pretrial conference**. Responses thereto are due **at least fourteen (14) calendar days prior to the final pretrial conference**. No replies may be filed except upon leave of court.

8. **Deadline for Filing Pretrial Memoranda.**

(a) Compliance with Local Rule 16.1(c) – Contents of Pretrial Memoranda. All parties shall prepare and file with the Clerk of Court pretrial memoranda that include the items required by Local Rule of Civil Procedure 16.1(c) and this Order, **at least seven (7) calendar days prior to the final pretrial conference**.

(b) Additional Required Information. In addition to compliance with Local Rule of Civil Procedure 16.1(c), the parties shall include the following in, or attached to, their pretrial memoranda:

(i) A curriculum vitae and copies of all reports for each expert witness to be called at trial.

(ii) A brief statement of the nature of the expected testimony of each fact witness to be called at trial with a brief statement of the nature of their expected testimony (witnesses not listed may not be called by that party in its case-in-chief).

(iii) A brief statement of any anticipated important legal issues on which the Court will be required to rule, together with counsel's single best legal authority on each such issue.

      (iv)    A joint schedule or listing of all exhibits (all exhibits should be listed regardless of whether there is an objection thereto) which shall briefly identify each exhibit, number each exhibit, and contain lines or boxes for the Court to enter a check mark when an exhibit has been "identified", when an "objection" is made to the exhibit, and when the exhibit is "admitted/not admitted."

(c)    <u>Required Statement of Objections to Trial Exhibits, Expert Witness Qualifications, Admissibility of Evidence (Including Deposition Designations), or Admissibility of Opinion Testimony.</u>

Any party raising an objection to any of the following shall set forth each objection, clearly and concisely, in the party's pretrial memorandum:

      (i)    The admissibility of any exhibit based on authenticity;

      (ii)   The adequacy of the qualifications of an expert witness expected to testify;

      (iii)  The admissibility for any reason (except relevancy) of any item of evidence expected to be offered, including any deposition designations (unresolved objections that were preserved at the time of the deposition shall be noted in the margin of the deposition page(s)); or

      (iv)  The admissibility of any opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701.

Each objection shall describe with particularity the ground and the authority for the objection. Unless the Court concludes at trial that manifest injustice will result, the Court can be expected to <u>overrule</u> any objection offered at trial if the Court concludes that the objection should have been made as required by this Order.

**9.**    **Deadline for Required Advance Filings of Proposed Voir Dire Questions, Joint Summaries of the case, Jury Instructions, and Verdict Forms (or Special Interrogatories).**

If a jury trial is scheduled, the parties shall file with the Clerk of Court and submit to Chambers electronically in Microsoft Word format to chambers_of_judge_joseph_f_leeson_jr@paed.uscourts.gov, all of the following **at least seven (7) calendar days prior to the final pretrial conference**:

(a)    <u>Each Party's Proposed Voir Dire Questions.</u>[1]

---

[1]    The Court will conduct the preliminary phase of voir dire, after which counsel may be permitted to ask a brief set of supplemental questions.

    (b)    <u>Joint Brief Summary of Case to be Read by the Court to the Jury Pool Prior to Voir Dire</u>. One (1) copy of a <u>joint</u> summary of the case for the Court to read at the beginning of voir dire to advise the venire of the nature of the case and the issues to be tried. This summary should be very brief (not to exceed a few sentences) and neutral in tone and content.

    (c)    <u>Joint Summary of Case to be Read by the Court to the Seated Jury Before Opening Statements</u>. One (1) copy of a <u>joint</u> summary of the case and of applicable law for the Court to read to the jury panel at the beginning of trial to describe the claims, any counterclaims or defenses, and the elements of each cause of action. This brief summary must be consistent with Third Circuit Model Civil Jury Instruction 1.2.

    (d)    <u>Joint Jury Instructions and Verdict Forms (or Special Interrogatories)</u>. One (1) copy of <u>joint</u> proposed jury instructions on substantive issues, which shall accurately quote or cite, as applicable, model jury instructions or case citations from which the instructions were derived, <u>and</u> proposed verdict forms (or special interrogatories). The proposed instructions must conform to the Third Circuit's Model Jury Instructions, if applicable, unless there is a compelling argument for deviation.

    (e)    <u>Non-Agreed-Upon Jury Instructions and Verdict Forms (or Special Interrogatories)</u>. Each party shall submit one (1) copy of proposed jury instructions and verdict forms (or special interrogatories) on those issues not agreed upon by the parties in their joint submission, all of which shall be marked to show the specific words on which the parties do not agree.

**10.** **Deadline for Required Filings of Stipulation of Uncontested Facts.**

**At least seven (7) calendar days prior to the final pretrial conference**, the parties shall file with the Clerk of Court a complete and comprehensive stipulation of uncontested facts pursuant to Local Rule of Civil Procedure 16.1(d)(2)(b)(2).

**11.** **Deadline for Providing Required Copies of Trial Exhibits to the Court.**

    (a)    <u>Three (3) Copies of Joint Exhibit Binders</u>. At the start of trial, the parties shall provide the Court with three (3) copies of <u>joint</u> exhibit binder(s) containing <u>a single set</u> of sequentially-numbered trial exhibits. The exhibits must be provided to the Court jointly; individual parties may not submit their own sets of separately numbered exhibits. If any party expects to offer a deposition at trial, a copy of the deposition transcript shall be included as an exhibit. If multiple exhibit binders are necessary, a master table of contents should be supplied that identifies the location of each exhibit.

    (b)    <u>Admission of Exhibits at Trial.</u> Exhibits may be placed into evidence during testimony, at a convenient time during a party's case-in-chief, or at the close of each party's case-in-chief.  If the latter, all counsel are to review the exhibits in advance so that agreed upon exhibits can be admitted quickly and disputed exhibits ruled upon in a manner that will not waste the time of the jury.

    (c)    <u>Publication of Exhibits at Trial</u>. No exhibit or portion thereof may be shown or read to the jury until after the exhibit has been formally admitted in evidence and a request has been made and granted to display or publish the exhibit.  Only a law clerk or the Courtroom Deputy may hand exhibits to the jury unless the Court expressly permits counsel to do so.  With advance permission of the Court, an exhibit may be displayed on an easel, projected on a movie screen, displayed on a video monitor, displayed in a shadow box (e.g., x-rays), demonstrated by a witness, or personally examined by the jurors in the jury box.

    (d)    <u>Conclusion of Trial – Custody of Exhibits</u>. Upon the conclusion of a trial, the Court may direct counsel to make immediate arrangements for removal and safekeeping of all exhibits.  Unless otherwise directed by the Court, the originals of all exhibits will be retained by the Court as part of the official Court record.

**12.**    **Prior Disclosure a Precondition to Trial Admissibility.**

Only those exhibits, discovery items, and expert witnesses identified in the manner set forth in this Order shall be considered by the Court for admission into evidence at trial, unless stipulated to by all affected parties and approved by the Court or specifically allowed by order of Court so as to avoid manifest injustice.

**13.**    **Date of Final Pretrial Conference.**

A final pretrial conference for this matter will be held on **August 21, 2024, at 4:00 p.m.,** at the Edward N. Cahn U.S. Courthouse and Federal Building, Courtroom C, Third Floor, 504 West Hamilton Street, Allentown, Pennsylvania.

**14.**    **Final Settlement Conference.**

A settlement conference will be held immediately following the final pretrial conference. All parties shall have a person with final settlement authority present at the final settlement conference.

**15.**    **Trial Date.**

    (a)    This case is scheduled for trial on **August 26, 2024,** or as soon thereafter as the schedule of the Court permits. Court shall be held from 9:00 a.m. to 5:00 p.m. each day.

    (b)    For jury trials, the first day of trial (including jury selection) shall occur at the James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19101.  The second and all subsequent trial days shall be held at the Edward N. Cahn U.S. Courthouse and Federal Building, Courtroom C, Third Floor, 504 West Hamilton Street, Allentown, Pennsylvania 18101. Trial will commence immediately following jury selection.

    (c)    Non-jury trials are held at the Edward N. Cahn U.S. Courthouse and Federal Building, Courtroom C, Third Floor, 504 West Hamilton Street, Allentown, Pennsylvania 18101.

**16.**    **Deadline for Offer of Judgment – Federal Rule of Civil Procedure 68 (Cost Shifting)**

All offers of judgment must be served **at least fourteen (14) days before the date set for trial**. Federal Rule of Civil Procedure 68 provides that if a timely pretrial offer of settlement made in accord with the requirements of Rule 68 is not accepted and the judgment finally obtained by the offeree is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

**17.**    **Trial Attachment Order.**

All counsel who have entered their appearances in this case for any party are attached for trial.

**18.**    **No Further Notices of Final Pretrial Conference Date and Trial Date.**

PLEASE NOTE: This Scheduling Order will be the only written notice you will receive of the final pretrial conference date and the date this case will be tried. All counsel who have entered an appearance in this case and all parties shall be prepared to commence trial on the date listed above. If the trial does not commence on that date, the case will be placed in the trial pool and all attorneys and all parties shall be on-call and ready to proceed on 24-hours' notice from the Court.

**19.**    **Unavailability of Witnesses – Trial Will Not be Delayed.**

If a witness is unavailable or becomes unavailable at the time of trial in the manner defined in Federal Rule of Civil Procedure 32(a)(4), the Court requires use of oral or videotape depositions at trial of any and all such witnesses whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert.  The unavailability of any such witness will not be a ground to delay the commencement or progress of an ongoing trial.

20. **Non-Jury Trials – Deadline for Required Filing of Proposed Findings of Fact and Conclusions of Law.**

If a non-jury trial is scheduled, the parties shall file with the Clerk of Court proposed findings of fact and conclusions of law **not later than fourteen (14) calendar days after the final day of trial**. All proposed findings of fact shall cite to the pages and lines of the trial transcript where support for the proposed finding of fact appears.

21. **Settlement Conference.**

All parties are to attend a settlement conference, which will be scheduled by the Court.[2]

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[2] See Judge Leeson's Policies and Procedures § II(E).